1  SOLOMON E. GRESEN, ESQ. (SBN 164783)
   **RGLAWYERS, LLP**
2  16200 Ventura Blvd., Suite 407A
   Encino CA 91436
3  Tel: (818) 815-2737
   Fax: (818) 815-2737
4  *seg@rglawyers.com*

5
   JASON M. INGBER, ESQ. (SBN 318323)
6  **Law Offices of Jason M. Ingber**
   3580 Wilshire Blvd., Suite 1260
7  Los Angeles, CA 90010
   Tel: (310) 270-0089
8  *jasonmingber@gmail.com*

9

10 Attorneys for Plaintiff, Andrea Love

11
                   **UNITED STATES DISTRICT COURT**
12
                   **CENTRAL DISTRICT OF CALIFORNIA**
13

14
   **ANDREA LOVE**, an individual,              Case No.: 2:23-cv-3122
15
                   Plaintiff,
16                                              **NOTICE OF MOTION AND PLAINTIFF'S**
                                                **MOTION TO REMAND REMOVED**
17        vs.                                   **ACTION**

18 **ELLEN STONE**, an individual; and DOES 1   *(28 U.S.C.S. §1447(c))*
   through 25, inclusive
19
                   Defendants.
20                                              [Memorandum of Points and Authorities;
                                                Declaration of Andrea Love; Declaration
21                                              of Jason M. Ingber; filed herewith and
                                                Proposed Order lodged herewith]
22
                                                Complaint Filed:  2.28.2023
23                                              LASC Case No.:  23STCV04399
24

25

26

27

28

                                      1
           **NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that the undersigned will respectfully ask for this United States District Court House, 350 West 1st Street, Suite 4311, Los Angeles, California 90012-4565, on July 24, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, for an order remanding this case to the Superior Court of the State of California for the City and County of Los Angeles. This motion is made on the ground that the case was improperly removed on diversity grounds, and is not within the jurisdiction of this court, as:

defendant Ellen Stone is a citizen of the State of California.

This motion is based upon this Notice of Motion, and attached Motion/Memorandum of Points and Authorities filed herewith; the declaration of Plaintiff and counsel filed herewith; the Court's docket as to the instant case; matters upon which the Court may take judicial notice (e.g. active websites); and, such further oral or documentary evidence as allowed by this Court. This Motion is made following a conference of counsel pursuant to local rule 7-3 of the Central District, which took place on or about June 7, 2023.

Dated:   June 16, 2023                    **LAW OFFICES OF JASON M. INGBER**

By:   /s/ Jason M. Ingber
Jason M. Ingber

NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION

# Contents

I.    INTRODUCTION ................................................................................................... 2

II.   PROCEDURAL HISTORY ................................................................................... 2

III.  STATEMENT OF FACTS ..................................................................................... 2

IV.   ARGUMENT .......................................................................................................... 4

    A.   Legal Standard for Motion to Remand ......................................................... 4

    B.   Defendant Has No Basis to Litigate this Case in This Court ................................. 6

V.    CONCLUSION ...................................................................................................... 7

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Plaintiff, Andrea Love ("Plaintiff"), filed this lawsuit in Superior Court of California, County of Los Angeles.

In her own words, Defendant Ellen Stone ("Defendant") moved to Los Angeles in 2016 to be closer to her daughters.

Defendant has lived in Los Angeles since 2016, and through the filing date of the instant motion.

Defendant continues to live in Los Angeles, as evidenced by the fact that her attorneys removed this action to this federal court, which is located in Los Angeles, as opposed to somewhere else.

Defendant removed this action to federal court on the basis of diversity jurisdiction, but none exists as a matter of law.

Respectfully, the legal stand that governs in this instance is that a civil suit that involves only a single plaintiff must be remanded if there is any doubt if a removal is proper.  Consequently, this Court must grant Plaintiff's motion to remand.

## II.    PROCEDURAL HISTORY

On February 28, 2023, plaintiff filed the instant action in Los Angeles County Superior Court and alleges only state law claims. (See Complaint, this Court's Docket Entry 1, Exhibit# 2.)

Defendant filed removal papers on April 25, 2023, to this Court on the basis of diversity jurisdiction.  (See Dkt. 1.)

On or about May 12, 2023, Plaintiff's counsel met and conferred with Defendant's counsel over the phone. (Ingber Decl., ¶ 2.) Plaintiff's counsel has also met and conferred in person with Defense counsel and explained Plaintiff's position more fully in Defendant's counsel's office, and has followed up with numerous detailed emails that outlined and highlighted the same. (Ingber Decl., ¶ 3.)

## III.   STATEMENT OF FACTS

Plaintiff and Defendant are Los Angeles, California residents. (Complaint ¶¶ 1-2.)

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**

1    Plaintiff's work for Defendant constituted management of Defendant's calendar,

2  bookkeeping, strategized and implementation of strategic procedures to ensure that Defendant's

3  estate was well managed, coordination with medical professionals and transportation of Defendant.

4  (Complaint, ¶¶ 5-7.)

5    Defendant was abusive, with copious incendiary racial remarks to Plaintiff, putting her

6  down on account of race, her marital status, and her appearance in front of other employees and

7  family members, forced Plaintiff to care for a sick dog that would attack people, leaving disturbing

8  handwritten notes regarding Plaintiff all around the estate, and had refused to pay Plaintiff

9  overtime or provide lunch and rest breaks despite Defendant's knowledge she was required to do

10 so and Plaintiff developed health issues as a result of the stress yet Defendant would not let her

11 obtain medical help. (Complaint, ¶¶ 8-29.) Therefore, the Complaint includes claims for

12 discrimination, retaliation, harassment and other failures in violation of FEHA; and breach of

13 implied-in-fact contract not to terminate employment without good cause, and no federal claims or

14 issues are asserted whatsoever.  (*See* Complaint Caption and Complaint generally.)

15   Defendant moved to Los Angeles, California in 2016 to be closer to her daughters and to

16 join the D.A.R.E. community.  See Declaration of Andrea Love ¶ 2 and at Exhibit A.

17   Defendant maintains a façade that she has ties to another United State to avoid payment of

18 various California state taxes. See Declaration of Andrea Love ¶ 5.

19   Defendant had her bank statements sent to her residence in Los Angeles for years.  See

20 Declaration of Andrea Love ¶ 3.

21   Defendant took her driver's license test in Los Angeles.  See Declaration of Andrea Love ¶

22 4.

23   Defendant had smog checks done for her car in Los Angeles over the years.  See

24 Declaration of Andrea Love and at Exhibit G.

25   Defendant elected to have numerous surgeries in Los Angeles over the years.  See

26 Declaration of Andrea Love ¶ 9 and at Exhibit I.

27   Defendant uses many doctors in Los Angeles that Defendant has seen over the years, which

28 was coordinated by Plaintiff.  See Declaration of Andrea Love ¶ 10 and at Exhibit C.

1    Defendant has two luxury properties in Los Angeles, one is on the beach of the Pacific

2    Ocean, and that lease extends through July 5, 2023.  See Declaration of Andrea Love at Exhibits D

3    and E.

4    Defendant's vet for her dog is in Los Angeles.  See Declaration of Andrea Love at Exhibit

5    J.

6    Defendant has lived in Los Angeles continuously through the date of the filing of this

7    lawsuit (Defendant was physically present in Los Angeles for over 95% of the time for many years

8    including through the filing date of this complaint), and, for example Defendant was served with

9    the instant complaint in person at her Los Angeles home, and had a pest control appointment that

10   she personally coordinated about a week before the instant complaint was filed.  See Declaration

11   of Andrea Love ¶ 8 and at Exhibit N.

12   Defendant is a Block Captain with the Los Angeles Miracle Mile Residential Association

13   ("MMRA") which requires her to oversee 100 people, work with local Los Angeles police, Los

14   Angeles city representatives and Los Angeles historical preservation societies and crucially in

15   order to join as a block captain for the MMRA she was required to represent to that organization

16   that "her primary residence is within the boundaries of the MMRA Wilshire Boulevard on the

17   north; San Vicente Blvd., on the south; La Brea Avenue on the east; and Fairfax Avenue on the

18   west" per the MMRA website.  See Declaration of Andrea Love ¶ 7 and at Exhibit B.

19   **IV.    ARGUMENT**

20      **A.    Legal Standard for Motion to Remand**

21   Plaintiff may, as a matter of law, plead to avoid federal jurisdiction.  *See Lowdermilk v. U.*

22   *S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-999 (9th Cir. 2007) (holding the plaintiff is the "'master of

23   her complaint' and can plead to avoid federal jurisdiction," and that "subject to a 'good faith'

24   requirement in pleading, "Where the plaintiff has alleged her facts and pled her damages, and there

25   is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment

26   [], but must overcome the presumption against federal jurisdiction...[with] legal certainty."

27   Federal courts are presumptively without jurisdiction over civil actions.  *Kokkonen v.*

28   *Guardian Life Ins. Co.*, 511 U.S. 377, 114 S.Ct. 1673, 1677 (1994)

4

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**

1    Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly

2    construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*, 425 F.3d

3    689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the

4    defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-*

5    *Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)

6    For cases that are removed from state court, "[i]f at any time before final judgment it

7    appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28

8    U.S.C. § 1447(c); *Kennedy v. Nat. Balance Pet Foods, Inc.*, 361 Fed.Appx. 785, 787 (9th Cir.

9    2010) ("Section 1447(c) of Title 28, which applies to cases removed from state court […] is

10   mandatory.").

11   Diversity jurisdiction as to a human being is determined by where she lives and plans to

12   live for some time.  See *Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation omitted). (holding "**[A]**

13   **person is 'domiciled' in a location where he or she has established a fixed habitation or abode**

14   **in a particular place, and [intends] to remain there permanently or indefinitely**." *Id.* at 749-50

15   (citations omitted) (emphasis added); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

16   (9th Cir. 2001).

17   Courts "strictly construe the removal statute against removal jurisdiction," and "the

18   defendant always has the burden of establishing that removal is proper." *Gaits v. Miles, Inc.*, 980

19   F.2d 564, 566 (9th Cir. 1992). "**Federal jurisdiction must be rejected if there is *any doubt* as to**

20   **the right of removal in the first instance.**" *Id.* (emphasis added.)

21   As diversity jurisdiction is a form of subject matter jurisdiction, Plaintiff may move for

22   remand "at any time before final judgment[.]" 28 U.S.C. § 1447(c).

23   A federal court's jurisdiction under the removal statutes constitutes an infringement upon

24   state sovereignty.  *Shamrock Oil Corp v. Sheets*, 313 U.S. 100, 108-109 (1941).  If a federal court

25   lacks subject jurisdiction over a particular action, the plain language of 28 U.S.C. section 1447(c)

26   mandates that the matter must be remanded to the state court from which it was removed, setting

27   forth in pertinent part with emphasis added: "***If at any time*** before final judgment it appears that

28   ***the district court lacks subject matter jurisdiction, the case shall be remanded***." The language of

1    this section is mandatory; once the federal court determines that it lacks jurisdiction, it must

2    remand the case to the appropriate state court. *Bromwell v. Michigan Mutual Ins.*, 115 F.3d 208,

3    213 (3rd Cir. 1997); *International Primate Protection League v. Administrators of Tulane Educ.*

4    *Fund*, 500 U.S. 72, 87 (1991).

5           **B.     Defendant Has No Basis to Litigate this Case in This Court**

6           Plaintiff has rightfully pleaded in her complaint a preclusion to federal diversity

7    jurisdiction.  *See Lowdermilk* 479 F.3d at 998-999 (9th Cir. 2007).  Plaintiff did that as clearly as

8    possible: Plaintiff pleaded in her state court complaint that Plaintiff and Defendant are citizens of

9    California.[1]  (Complaint ¶¶ 1-2)  Consequently, Defendant is charged with a burden to prove with

10   complete legal certainty that she was not a citizen of Los Angeles, California at the time of the

11   filing of the complaint.  *Id.*  It was never possible for Defendant to meet her burden.

12          Defendant cannot prove citizenship outside Los Angeles:  Defendant wrote that she moved

13   to Los Angeles in 2016 to be closer to her daughters, and to join the DARE community; Defendant

14   is a leader in her Los Angeles community organization; Defendant, via counsel, removed to the

15   Central District of California (as opposed to anywhere else) because she lives in Los Angeles and

16   plans to continue to live in Los Angeles; Defendant accepted service of the complaint at her Los

---

17          [1]The complaint is impossible to misinterpret: this case is about two Los Angeles ("LA")

18   citizens in an employer/employee relationship for the better part of a decade.  Plaintiff was

19   Defendant's personal assistant in LA: Plaintiff drove Defendant around LA to her various medical

20   appointments; Plaintiff helped maintain Defendant's estate, which is nestled in the 90036 zip code

21   between Hancock Park and The Grove in West LA, as well as helped with Defendant's other

22   luxury properties that she has in LA; Plaintiff was also Defendant's bookkeeper for Defendant's

23   various LA vendors and conducted her other many duties for Defendant alongside Defendant in

24   Defendant's LA residence.  Defendant lived in LA throughout the duration of Plaintiff's

25   employment with Defendant, and through the filing of this action.

26          Defendant cannot dispute any of this.

27          Consequently, this case must be heard in LA Superior Court, where it was originally filed.

28

1    Angeles home.  Therefore, it is indisputable that Defendant has and had a fixed abode in Los

2    Angeles with intent to remain in Los Angeles indefinitely before, during and after the filing of the

3    instant action, and this destroys diversity.  *See Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation

4    omitted) (holding "[A] person is 'domiciled' in a location where he or she has established a fixed

5    habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely."

6    Defendant cannot meet her prodigious burden as persons are domiciled in the places they reside

7    with the intent to remain indefinitely.  *See Kenter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th

8    Cir. 2001).

9        If there's any doubt as to whether diversity exists, then removal is improper.  *Gaus v. Miles,*

10   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Moore-Thomas* at 1243.

11        Here, Defendant has improperly removed this action based on diversity jurisdiction, as she

12   cannot prove that she lived somewhere other than Los Angeles with the intent to live somewhere

13   other than Los Angeles for over 8 years since Plaintiff's initiation of this action.

14   **V.**      **CONCLUSION**

15        For the reasons stated herein, Plaintiff respectfully requests that this Court grant her request

16   for this Court to remand this case to Los Angeles Superior Court.

17

18    Dated:  June 16, 2023               Respectfully submitted,

19                                **LAW OFFICES JASON M. INGBER**

20

21                            By: /s/ *Jason M. Ingber*

22                               JASON M. INGBER, ESQ.
                                Attorney for Plaintiff

23

24

25

26

27

28

7

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**

1

**<u>PROOF OF SERVICE</u>**
CASE NO.: 2:23-CV-3122

2

LASC CASE NO.:  23STCV04399

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and

5

not a party to the within action; my business address is 16200 Ventura Boulevard, Suite 216, Encino,
CA 91436.

6

7

       On June 16, 2023 I served the foregoing documents described as: **NOTICE OF MOTION
AND PLAINTIFF'S MOTION TO REMAND REMOVED ACTION; PLAINTIFF'S

8

DECLARATION IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION
TO REMAND REMOVED ACTION; DECLARATION OF JASON M. INGBER IN

9

SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
REMOVED ACTION** on the interested parties as follows:

10

**SEE ATTACHED SERVICE LIST**

11

12

**( )**  **By Envelope** - by placing **( )** the original **( )** a true copy thereof enclosed in sealed envelopes
     addressed as above and delivering such envelopes:

13

14

**( )**  **By Mail:**  As follows:  I am "readily familiar" with this firm's practice of collection and
     processing correspondence for mailing.  Under that practice it would be deposited with the

15

     U.S. postal service on that same day with postage thereon fully prepaid at West Hollywood,
     California in the ordinary course of business.  I am aware that on motion of the party served,

16

     service is presumed invalid if postal cancellation date or postage meter date is more than one
     day after date of deposit for mailing in affidavit.

17

**(X)**  **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an  agreement of the

18

     parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the
     person(s) at the e-mail address listed above.  My electronic notification address is zs@rglawyers.com.

19

     I did not receive, within a reasonable time after the transmission, any electronic message or other
     indication that the transmission was unsuccessful.

20

**(X)**    **<u>STATE</u>**   I declare under penalty of perjury under the laws of the State of California that

21

     the above is true and correct. I declare that I am employed in the office of a member of the
     bar of this court at whose direction the service was made.

22

23

     Executed on June 16, 2023 at Encino, California.

24

                       */s/ Jason M. Ingber*

25

                       JASON M. INGBER

26

27

28

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**

**PROOF OF SERVICE LIST**
CASE NO.: 2:23-CV-3122
LASC CASE NO.:  23STCV04399

| | |
|---|---|
| Tanja L. Darrow, Esq. <br> tdarrow@littler.com <br> Brooke S. Hammond, Esq. <br> bhammond@litler.com <br> LITTLER MENDELSON, P.C. <br> 633 West 5th Street <br> 63rd Floor <br> Los Angeles, California 90071 <br> Telephone: 313.443.4300 <br><br> ***Attorneys for Defendant Ellen Stone*** | |

1
2
3
4
5
6
7
8
9
10
11
12
13     .
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9
**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**