SOLOMON E. GRESEN, ESQ. (SBN 164783)
**RGLAWYERS, LLP**
16200 Ventura Blvd., Suite 407A
Encino CA 91436
Tel: (818) 815-2737
Fax: (818) 815-2737
*seg@rglawyers.com*

JASON M. INGBER, ESQ. (SBN 318323)
**Law Offices of Jason M. Ingber**
3580 Wilshire Blvd., Suite 1260
Los Angeles, CA 90010
Tel: (310) 270-0089
*jasonmingber@gmail.com*

Attorneys for Plaintiff, Andrea Love

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANDREA LOVE**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**ELLEN STONE**, an individual; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No.: 2:23-cv-3122<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO REMAND REMOVED ACTION**<br><br>*(28 U.S.C.S. §1447(c))*<br><br>[Memorandum of Points and Authorities; Declaration of Andrea Love; Declaration of Jason M. Ingber; filed herewith and Proposed Order lodged herewith]<br><br>Complaint Filed: 2.28.2023<br>LASC Case No.: 23STCV04399 |

1
**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that the undersigned will respectfully ask for this United States District Court House, 350 West 1st Street, Suite 4311, Los Angeles, California 90012-4565, on July 17, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, for an order to remand this case to the Superior Court of the State of California for the City and County of Los Angeles. This motion is made on the ground that the case was removed improperly on diversity grounds, and is not within the jurisdiction of this court, as:

defendant Ellen Stone is a citizen of the State of California.

This motion is based upon this Notice of Motion, and attached Motion/Memorandum of Points and Authorities filed herewith; the declaration of Plaintiff and counsel filed herewith; the Court's docket as to the instant case; matters upon which the Court may take judicial notice (e.g. active websites); and, such further oral or documentary evidence as allowed by this Court. This Motion is made following a conference of counsel pursuant to local rule 7-3 of the Central District, which took place on or about June 7, 2023.

Dated:  June 23, 2023  **LAW OFFICES OF JASON M. INGBER**

By:  /s/ Jason M. Ingber
        Jason M. Ingber

Contents

I.   INTRODUCTION ........................................................................................................... 2

II.  PROCEDURAL HISTORY .......................................................................................... 2

III. STATEMENT OF FACTS............................................................................................ 2

IV.  ARGUMENT ................................................................................................................ 4

   A.   Legal Standard for Motion to Remand ................................................................... 4

   B.   Defendant Has No Basis to Litigate this Case in This Court ................................. 6

V.   CONCLUSION ............................................................................................................. 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Andrea Love ("Plaintiff") a California citizen, filed this lawsuit in Superior Court of California, County of Los Angeles.

Defendant Ellen Stone ("Defendant") removed this action to federal court based on diversity jurisdiction, but diversity jurisdiction does not exist here as a matter of law.

In her own words, Defendant moved to Los Angeles seven years ago to be closer to her daughters.

Defendant has lived in Los Angeles continuously since 2016 (i.e., through the filing date of this action and through the filing date of the instant motion).

Respectfully, the legal standard that governs this situation requires this Court remand this action to state court: a civil suit that involves only a single plaintiff must be remanded if there is any doubt if a removal is proper. Consequently, this Court must grant Plaintiff's motion to remand.

### II. PROCEDURAL HISTORY

On February 28, 2023, plaintiff filed the instant action in Los Angeles County Superior Court. (See Complaint, this Court's Docket Entry 1, Exhibit# 2.)

Defendant filed removal papers on April 25, 2023, to this Court on the basis of diversity jurisdiction. (See Dkt. 1).

On or about May 12, 2023, Plaintiff's counsel met and conferred with Defendant's counsel over the phone. (Ingber Decl., ¶ 2.) Plaintiff's counsel has also met and conferred in person with Defense counsel and explained Plaintiff's position again in Defendant's counsel's office and has followed up with numerous detailed emails that outline and highlight the same. (Ingber Decl., ¶ 3.)

### III. STATEMENT OF FACTS

Plaintiff, and Defendant, are Los Angeles, California residents. (Complaint ¶¶ 1-2.)

Plaintiff's work for Defendant constituted management of Defendant's calendar, bookkeeping, strategized and implementation of strategic procedures to ensure that Defendant's estate was well managed, coordination with medical professionals and transportation of Defendant.

(Complaint, ¶¶ 5-7.)

Defendant was abusive, with copious incendiary racial remarks to Plaintiff, putting her down on account of race, her marital status, and her appearance in front of other employees and family members; forced Plaintiff to care for a sick dog that attacks people; and had refused to pay Plaintiff overtime or provide lunch and rest breaks despite Defendant's knowledge she was required to do so, and Plaintiff had developed health issues as a result of this stress, yet Defendant would not let her obtain medical help. (Complaint, ¶¶ 8-29.) Therefore, the Complaint includes claims for discrimination, retaliation, harassment and other failures in violation of California state laws; and no federal claims or issues are asserted whatsoever. (*See* Complaint Caption and Complaint generally.)

Defendant moved to Los Angeles, California in 2016 to be closer to her daughters and to join the D.A.R.E. community.  See Declaration of Andrea Love ¶ 2 and at Exhibit A.

Defendant maintains a façade that she has ties to another United State to avoid payment of various California state taxes. See Declaration of Andrea Love ¶ 5.

Defendant had her bank statements sent to her residence in Los Angeles for years.  See Declaration of Andrea Love ¶ 3.

Defendant took her driver's license test in Los Angeles.  See Declaration of Andrea Love ¶ 4.

Defendant had smog checks done for her car in Los Angeles over the years.  See Declaration of Andrea Love and at Exhibit G.

Defendant elected to have numerous surgeries in Los Angeles over the years.  See Declaration of Andrea Love ¶ 9 and at Exhibit I.

Defendant uses many doctors in Los Angeles that Defendant has seen over the years, which was coordinated by Plaintiff.  See Declaration of Andrea Love ¶ 10 and at Exhibit C.

Defendant has two luxury properties in Los Angeles: one of which is on the beach of the Pacific Ocean, and that lease extends through July 5, 2023. See Declaration of Andrea Love at Exhibits D and E.

Defendant's vet for her dog is in Los Angeles.  See Declaration of Andrea Love at Exhibit

J.

Defendant has lived in Los Angeles continuously through the date of the filing of this lawsuit (Defendant was physically present in Los Angeles for over 95% of the time for the past six years, including through the filing date of this complaint), as for example Defendant was served with the instant complaint in person at her Los Angeles home, and had a pest control appointment that she personally coordinated about a week before the instant complaint was filed.  See Declaration of Andrea Love ¶ 8 and at Exhibit N.

Defendant is a Block Captain with the Los Angeles Miracle Mile Residential Association ("MMRA") which requires her to oversee 100 people, work with local Los Angeles police, meet with Los Angeles city representatives, and participate in Los Angeles historical preservation societies.  Crucially, in order to join as a block captain for the MMRA she was required to represent to that organization that "her primary residence is within the boundaries of the MMRA Wilshire Boulevard on the north; San Vicente Blvd., on the south; La Brea Avenue on the east; and Fairfax Avenue on the west" per the MMRA website.  See Declaration of Andrea Love ¶ 7 and at Exhibit B.

## IV. ARGUMENT

### A. Legal Standard for Motion to Remand

Plaintiff may, as a matter of law, plead to avoid federal jurisdiction.  *See Lowdermilk v. U. S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-999 (9th Cir. 2007) (holding the plaintiff is the "'master of her complaint' and can plead to avoid federal jurisdiction," and "Where the plaintiff has alleged her facts and pled her damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment [], but must overcome the presumption against federal jurisdiction...[with] legal certainty.")

Federal courts are presumptively without jurisdiction over civil actions.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 377, 114 S.Ct. 1673, 1677 (1994)

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal.  *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the

defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)

For cases that are removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Kennedy v. Nat. Balance Pet Foods, Inc.*, 361 Fed.Appx. 785, 787 (9th Cir. 2010) ("Section 1447(c) of Title 28, which applies to cases removed from state court […] is mandatory.").

Diversity jurisdiction as to a human being is determined by where she lives and plans to live for some time.  See *Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation omitted). (holding "**[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely**." *Id.* at 749-50 (citations omitted) (emphasis added); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaits v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "**Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance**." *Id.* (emphasis added.)

As diversity jurisdiction is a form of subject matter jurisdiction, Plaintiff may move for remand "at any time before final judgment[.]" 28 U.S.C. § 1447(c).

A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty.  *Shamrock Oil Corp v. Sheets*, 313 U.S. 100, 108-109 (1941).  If a federal court lacks subject jurisdiction over a particular action, the plain language of 28 U.S.C. section 1447(c) mandates that the matter must be remanded to the state court from which it was removed, setting forth in pertinent part with emphasis added: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory; once the federal court determines that it lacks jurisdiction, it must remand the case to the appropriate state court. *Bromwell v. Michigan Mutual Ins.*, 115 F.3d 208, 213 (3rd Cir. 1997); *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S.

72, 87 (1991).

### B. Defendant Has No Basis to Litigate this Case in This Court

Plaintiff pleads in her complaint a preclusion to federal diversity jurisdiction. *See Lowdermilk* 479 F.3d at 998-999 (9th Cir. 2007). Plaintiff pleaded in her state court complaint in good faith that Plaintiff and Defendant are citizens of California.[1] (Complaint ¶¶ 1-2) Consequently, Defendant is charged with a burden to prove with complete legal certainty that Defendant was not a citizen of Los Angeles, California at the time of the filing of the complaint. *Id.* It is impossible for Defendant to meet her burden.

Defendant cannot prove citizenship outside Los Angeles at the time of the filing of this action: Defendant wrote that she moved to Los Angeles in 2016 to be closer to her daughters, and to join the DARE community; Defendant is a leader in her Los Angeles community organization; Defendant, via counsel, removed to the Central District of California (as opposed to anywhere else) because she lives in Los Angeles and plans to continue to live in Los Angeles; Defendant accepted service of the complaint at her Los Angeles home. Therefore, it is undisputable that Defendant has, and had, a fixed abode in Los Angeles where she lives and lived with intent to remain in Los Angeles indefinitely before, during and after the filing of the instant action, and this destroys diversity. *See Lew v. Moss*, 797 F.2d 747, 750 (1986) (citation omitted) (holding "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular

---

[1] The complaint is clear: this case is about two people domiciled in Los Angeles ("LA") in an employer/employee relationship for the better part of a decade. Plaintiff was Defendant's personal assistant in LA: Plaintiff drove Defendant around LA; Plaintiff helped maintain Defendant's estate, which is nestled in LA's 90036 zip code between Hancock Park and The Grove in West Hollywood, as well as helped maintain Defendant's other LA properties; Plaintiff was also Defendant's bookkeeper for Defendant's LA vendors, and conducted her other duties for Defendant alongside Defendant in Defendant's LA residence.

Defendant cannot and does not dispute any of this.

Consequently, this case must be heard in LA Superior Court, where it was originally filed.

1  place, and [intends] to remain there permanently or indefinitely." Defendant cannot meet her
2  prodigious burden as persons are domiciled in the place they reside with the intent to remain
3  indefinitely. *See Kenter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

4  If there's **_any_ doubt** as to whether diversity exists, then **removal is improper**. *Gaus v.*
5  *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Moore-Thomas* at 1243.

6  Here, Defendant has improperly removed this action based on diversity jurisdiction, as she
7  cannot prove that she lived somewhere other than Los Angeles with the intent to live somewhere
8  other than Los Angeles for over 7 years including though the filing date of the instant motion.[2]
9  Thus, Plaintiff and Defendant are citizens of California and diversity jurisdiction does not exist.

## V. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant her request for this Court to remand this case to Los Angeles Superior Court.

Dated: June 23, 2023                   Respectfully submitted,

**LAW OFFICES JASON M. INGBER**

By: /s/ *Jason M. Ingber*
    JASON M. INGBER, ESQ.
    Attorney for Plaintiff

---

[2] Defendant via counsel knows all the facts as weighed against the legal standard. Consequently, the removal, and subsequent federal court litigation is sanctionable under 28 U.S.C. Section 1927.

**PROOF OF SERVICE**
CASE NO.: 2:23-CV-3122
LASC CASE NO.: 23STCV04399

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16200 Ventura Boulevard, Suite 216, Encino, CA 91436.

On June 23, 2023 I served the foregoing documents described as: **NOTICE OF MOTION AND PLAINTIFF'S MOTION TO REMAND REMOVED ACTION; PLAINTIFF'S DECLARATION IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION; DECLARATION OF JASON M. INGBER IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION** on the interested parties as follows:

**SEE ATTACHED SERVICE LIST**

( )   **By Envelope** - by placing ( ) the original ( ) a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

( )   **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at West Hollywood, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(**X**)   **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address listed above. My electronic notification address is zs@rglawyers.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

(**X**)   **STATE**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 23, 2023 at Encino, California.

*/s/ Jason M. Ingber*
JASON M. INGBER

**PROOF OF SERVICE LIST**
CASE NO.: 2:23-CV-3122
LASC CASE NO.: 23STCV04399

Tanja L. Darrow, Esq.
tdarrow@littler.com
Brooke S. Hammond, Esq.
bhammond@litler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 313.443.4300

***Attorneys for Defendant Ellen Stone***

.

**NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION**